The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>ALAN HILBURG; individually; HILBURG & ASSOCIATES, LLC; a limited liability company; ALAN HILBURG & ASSOCIATES; HAI HOLDINGS, INC., a corporation; PORTER NOVELLI, INC., a corporation, d/b/a Porter Novelli Consulting (aka PNConsulting); and JOHN DOES and/or JANE DOES 1-3, presently unknown parties,<br><br>Defendants. | No. C08-0217 RSM<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL OF VARIOUS AFFIRMATIVE DEFENSES OF DEFENDANTS<br><br>ORAL ARGUMENT REQUESTED<br>HEARING DATE: February 6, 2009 |

## I. MOTION

Comes now the plaintiff, William F. Russell, and hereby moves this court for partial summary judgment dismissing affirmative defenses. This motion is directed at the affirmative defenses of the defendants Alan Hilburg and HAI Holdings, Inc. hereinafter referred to as "Hilburg," and at the affirmative defenses of defendants Porter Novelli, Inc. and Hilburg & Associates International, LLC (hereinafter referred to as "PN.") The numbers

in the second and third columns (columns labeled "Hilburg" and "PN") refer to the paragraph numbers in the respective answers of Hilburg and PN. The last two columns (labeled "FACTUAL" and "LEGAL") show the page numbers where, in this brief, factual and legal discussion of the affirmative defenses are to be found:

| Affirmative Defense | Hilburg | PN | FACTUAL Discussion in this Brief Found on Page: | LEGAL Discussion in this Brief Found on Page: |
|---|---|---|---|---|
| A. Statute of Limitations | 25 | 3 | 3-4 | 10-12 |
| B. Failure to State a Claim [FRCP 12(b)(6)] | 32 | 1 | 4 | 13 |
| C. Laches | 24 | 6 | 4 | 13 |
| D. Comparative Negligence | 30 | 5 (in part) | 4 | 13-14 |
| E. Accord and Satisfaction | 29 | N/A | 4-5 | 14-16 |
| F. Ratification | 26 | N/A | 5 | 16-17 |
| G. Failure to Mitigate | 27 | 8 | 5 | 17-18 |
| H. Assumption of Risk | 28 | N/A | 5 | 18-19 |
| I. Unclean Hands | N/A | 7 | 5-6 | 20 |
| J. Lack of Causation | 31 | N/A | 6 | 20 |
| K. Equitable Estoppel | 22 | 6 | 6 | 21 |
| L. Waiver | 23 | 6 | 6 | 22-23 |
| M. Statute of Frauds | N/A | 2 | 6 | 23-24 |

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

This motion is based upon the files and records herein including the following memorandum and the supporting declarations of William F. Russell and Donald J. Horowitz submitted contemporaneously herewith.

## II. FACTS

### INTRODUCTION

There are no material issues of fact regarding all of the affirmative defenses raised by the defendants Hilburg and PN. The parties to this litigation are working their way toward mediation but as long as there are unresolved legal claims and defenses, a risk analysis by all parties is more difficult therefore rendering settlement less likely. In other words, the purpose of this summary judgment motion is to clear some of the legal thickets so that the parties can evaluate their respective claims more concretely.

### A. STATUTE OF LIMITATIONS

The original written contract between plaintiff and defendant Hilburg was entered into on August 1, 1998 [Exhibit 1 to the Complaint (docket #2)]. It had a five year term. If that was the end of the matter the agreement would have expired on July 31, 2003. The lawsuit was filed within the six year statute of limitations on written contracts. It was commenced by service on defendant Hilburg on December 7, 2007 [docket #2] and was filed in King County Superior Court on January 4, 2008 within the period for limitations of actions.

Furthermore, there is no dispute that even after the formal end of the initial five year period the parties continued with business as usual for many years until difficulties between them arose, at which point a new contract was entered into as of March 26, 2006 [Exhibit 2

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 3 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

to the Complaint(docket #2)].  The relationship between them was terminated on fifteen days notice from the plaintiff to defendant Alan Hilburg on or about September 6, 2006.

## B.  FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]

In an email of January 8, 2009, attorneys for Mr. Hilburg waived this affirmative defense, at least until the conclusion of plaintiff's case at trial.  The law relating to failure to state a claim has been previously briefed to this court in regard to the Porter Novelli motion for dismissal [docket numbers 12 and 19].  The parties have come a long way since the initial pleadings by way of documentary discovery for this to be a viable affirmative defense at this point.

## C.  LACHES, & D.  COMPARATIVE NEGLIGENCE

It is not understood exactly what defendant's basis could possibly be for the affirmative defense of laches and comparative negligence.

## E.  ACCORD AND SATISFACTION

After the relationship between plaintiff and defendant Hilburg was terminated, efforts were intensified by Donald J Horowitz to secure a full accounting for the receipts and expenses by Mr. Hilburg and distributions to or on behalf of Mr. Russell, as well as to account for allegations that Mr. Hilburg had invested some of Mr. Russell's funds.  For a full explanation and documentation see the declaration of Donald J Horowitz submitted contemporaneously herewith.  In short, representations were made (without documentation) by Mr. Hilburg that he had taken some of Mr. Russell's funds and invested in two separate investments.  The first investment was in something called the Beacon Energy Fund and the second was in a company Mr. Hilburg called "GreenCel."  The parties corresponded about

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 4 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

return to Mr. Russell of these so-called invested funds.  At trial, plaintiff will prove that the funds in these two "investments" were solely by and for and with the funds of Mr. Hilburg. Mr. Hilburg may be relying on correspondence about those investments for this affirmative defense.  See the correspondence between defendant Hilburg and Mr. Horowitz, which correspondence is attached to Mr. Horowitz's declaration, including, especially, the email of November 11, 2006.  This email discusses a minimum payment plan to pay the then current value of those invested funds to Mr. Russell, leaving open everything else including the amounts originally invested and all of the issues surrounding these "investments." Accordingly, ten post-dated checks, each in the amount of $10,000 were submitted by Mr. Hilburg through his company, HAI Holdings, Inc. and were sent to Mr. Horowitz who had a trust account for Mr. Russell.  As it turned out, even the first check bounced so there was no receipt of actual funds whatsoever.

The evidence is undisputed (see the declaration of Donald J Horowitz) that the parties were still negotiating for a full accounting of the historical monetary relationship between the parties well after these checks were tendered.  Mr. Horowitz made clear to Mr. Hilburg that there could be no overall settlement without a full accounting.

**F. RATIFICATION, G.  FAILURE TO MITIGATE, & H. ASSUMPTION OF RISK**

It is unknown to what facts these three defenses may pertain.

### I.  DOCTRINE OF UNCLEAN HANDS

The doctrine of unclean hands was a defense raised by PN only.  It is completely unknown what factual basis they may have had for asserting such an affirmative defense. The defendant with more personal knowledge, Alan Hilburg, does not make this allegation.

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 5 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

See the Declaration of William F. Russell submitted herewith in which he denies any acts of misconduct.

## J. LACK OF CAUSATION

Lack of causation is a defense raised by Hilburg only. The factual basis for it is not disclosed in the documents produced so far not in any briefing. If proximate cause is meant, it is unknown how that applies to the facts of this case seeking an accounting and remission of funds.

## K. EQUITABLE ESTOPPEL

Equitable estoppel is a doctrine well-developed in the law. It is unknown exactly what factual issues there may be in support of this doctrine as it is described in the legal discussion below. The burden of proof of equitable estoppel is clear and convincing evidence.

## L. WAIVER

The defendants have produced no evidence that plaintiff waived any of his rights. Even implied waiver requires a base of knowledge which was lacking to Mr. Russell because Mr. Hilburg, to date, has still not provided an accurate comprehensive accounting.

## M. STATUTE OF FRAUDS

The statute of frauds defense is raised only by PN. It is unclear what they mean because there were written contracts in this case, and the lawsuit was not brought until after the relationship between plaintiff and Hilburg terminated. If what PN means is that there is no express written contract with PN, this is conceded. The present posture of PN is that of respondeat superior and apparent authority, previously briefed.

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 6 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

1
2
3
4
5

### III. LEGAL DISCUSSION

**INTRODUCTION (PART 1): SUMMARY JUDGMENT IS APPROPRIATE**

Under Rule 56(c), where the nonmoving party will bear the burden of proof on a specific claim or defense at trial, the moving party may move for summary judgment based solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no requirement "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323 (emphasis in original). The burden then shifts to the nonmoving party to produce "significantly probative evidence" of specific facts showing that there is a genuine issue of material fact requiring a trial. *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987) (*citing* Fed.R.Civ.P. 56(e)).

Genuine issues of material fact are those "factual issues that make a difference to the potential outcome and 'that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In other words, an issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving       party."       *Anderson,*       477       U.S.       at       248.

The nonmoving party cannot "withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 7 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

interrogatories showing there is a genuine issue for trial." *In re Ikon Office Solutions, Inc., Sec. Lit.,* 277 F.3d 658, 666 (3d Cir.2002). If the nonmoving party fails to establish a triable issue on an essential element of its case and upon which it will bear the burden of proof at trial, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23. Thus, the defendant has the burden of raising a genuine issue of material fact in response to each of their affirmative defenses. *Digital Control Inc. v. McLaughlin Mfg. Co., Inc.,* 242 F. Supp. 2d (W.D. Wash., 2002). The non-moving party must produce "significant probative evidence" of specific facts showing that there is a genuine issue of material fact requiring trial. *T.W. Elec. Serv.,* 809 F.2d 626, 630 (C.A.9 1987) (citing Fed.R.Civ.P. 56(e)).

## INTRODUCTION (PART 2): THE FIDUCIARY RELATIONSHIP BETWEEN THE PARTIES

The relationship between William F. Russell and Alan Hilburg was at first a close personal relationship. Upon that personal relationship a business relationship was later grafted. The close personal relationship continued on after the addition of the business relationship. See the Declaration of William Russell submitted herewith. The fiduciary nature of this relationship is probably not going to be denied by Mr. Hilburg but, since it permeates the legal standards to be applied to the case. An introduction to the law relating to the relationship is warranted.

The defendants, most especially Alan Hilburg, owed a fiduciary duty to Mr. Russell. The defendants failed in this respect completely.

A fiduciary relationship is defined as:

> "[a]n expression including both technical fiduciary relations
> and those informal relations which exist whenever one man

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 8 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

trusts and relies upon another. . . . It exists where there is special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of one reposing the confidence." Black's Law Dictionary 753 (Rev. 4[th] ed. 1968).

"A fiduciary relationship arises as a matter of law in certain contexts such as attorney and client, doctor and patient, trustee and beneficiary, principal and agent, and between partners." *Liebergsell v. Evans*, 93 Wn.2d at 890-891, 613 P.2d 1170 1980.

A person stands in a "fiduciary relationship" to another when he has rights and duties he *must* exercise for the betterment of the other party. *Westerbeck v. Cannon*, 5 Wn.2d 106, 104 P.2d 918 (1940). Mr. Hilburg was contractually charged with safeguarding and increasing Mr. Russell's interests and earnings.

Another sign of a fiduciary relationship is where the plaintiff has some dependency on the defendant and likewise the defendant was advising, counseling, and purportedly protecting the weaker party in the relationship. *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 935 P.2d 628 (1997), reconsideration denied, review denied, 133 Wn.2d 1033, 950 P.2d 1033 (1997). Mr. Russell was dependent upon the Mr. Hilburg to safeguard his earnings and look out for his interests. The defendants purported to advise, counsel, and protect Mr. Russell and his earnings. Mr. Russell believed his interests were being safeguarded and that Mr. Hilburg had Mr. Russell's best interests, not his own, at the forefront. To establish the presence of a fiduciary relationship there must be an indication that the one reposing the trust has foundation for his belief that the one giving advice or

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 9 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

presenting arguments is acting not in his own behalf, but in the interests of the other party. *Burwell v. South Carolina Nat'l Bank*, 288 S.C. 34, 340 S.E.2d 786, 790 (1986).

Furthermore, not only did the defendants have a business relationship with Mr. Russell, but Mr. Russell and the defendants, especially Mr. Hilburg, had a relationship akin to a familial relationship. Mr. Russell was Mr. Hilburg's best man. Mr. Russell held Mr. Hilburg's son during circumcision. To establish a fiduciary relationship, there must be something approximating business agency, a professional relationship, or family tie, impelling or inducing the trusting party to relax the vigilance which he normally would exercise. *Hood v. Cline*, 35 Wn.2d 192, 212 P.2d 110 (1949). Mr. Russell trusted the defendants and, as is appropriate in a properly functioning fiduciary relationship, let his guard down. The defendants took advantage of this.

## A. STATUTE OF LIMITATIONS

This action is not time-barred. RCW 4.16.020(1) states that the statute-of-limitations is six years on "(1) An action upon a contract in writing, or liability express or implied arising out of a written agreement." In this case, the initial formal contract took effect on August 1, 1998, and, at least nominally, would have ended on July 31, 2003. This cause of action was filed on January 4, 2008, well within the six year statute-of-limitations.

Furthermore, the "continuous representation rule" states that the statute of limitations does not begin to run until a fiduciary has ceased representation. *Janicki Logging & Construction Company, Inc. v. Schwabe, Williamson & Wyatt P.C.*, 109 Wn. App. 655, 37 P.3d 309 (2001). At all times there was an ongoing contractual relationship, even before the time of the two written contracts.

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 10 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

"... [G]eneral principles of contract law teach us that when a contract lapses but the parties to the contract continue to act as if they are performing under a contract, the material terms of the prior contract will survive intact unless either one of the parties clearly and manifestly indicates, through words or through conduct, that it no longer wishes to continue to be bound thereby, or both parties mutually intend that the terms not survive." *Luden's, Inc. v. Local Union No. 6,* 28 F.3d 347, 355-56 (3d Cir.1994).

Washington's courts agree. For example, our courts have said:

"[w]here a contract of employment for a definite term expires, and the employee continues to render the same services, the presumption is that he is serving under a new contract having the same terms and conditions." *Holton v. Hart Mill Co.,* 24 Wn.2d 493, 495, 496, 166 P.2d 186 (1946).

"When a contract of employment for a definite time has been made, and the employee's services are continued after the expiration of the definite time without objection, the inference is ordinarily that the parties have assented to another contract for a term of the same length with the same salary and conditions of service, based on an analogy to a similar rule applicable to leases." 2 Williston on Contracts sec. 6:42 at 452-454.

"If the parties at the expiration of a written contract of employment, continue as before without a new express agreement, it will be inferred that the service and the compensation are the same as before." 4 Corbin on Contracts sec. 22.11 at 753.

Outside of Washington State, courts have come to similar conclusions about the continuation of contracts. In *Brandenburg v S.F. & G. Company,* 207 MD. 413, 114 A.2d 604 (1955), the Court cites *Martin v Campanaro,* 156 F.2d 127, 129 (2nd Cir., 1946) certiorari denied 329 U.S. 759, 67 S.Ct. 112, 91 L.Ed. 654:

"When an agreement expires by its terms, if without more, the parties continue to perform as theretofore, an implication arises that they have mutually assented to a new contract containing the same provisions as the old. Ordinarily, the existence of such a new contract is determined by the 'objective' test, i.e., whether a reasonable man would think the parties

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 11 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

intended to make such a new binding agreement—whether they acted as if they so intended".

Thus, the statute of limitations did not commence in this case any earlier than September 6, 2006, the date upon which Mr. Russell severed his contractual relationship with Mr. Hilburg.

Washington's "discovery rule" also supports the fact that the statute of limitations began to run well after September 6, 2006. Washington's "discovery rule" states that a cause-of-action accrues when a party knows or reasonably should have known all the essential elements of the possible cause-of-action. *Clare v. Saberhagen Holdings, Inc.*, 129 Wn. App. 599, 602, 123 P.3d 465 (2005). The discovery rule is applicable in cases including fraud, See *Freitag v. McGhie*, 133 Wn.2d 816, 947 P.2d 1186 (1997); conversion, See *Crisman v. Crisman*, 85 Wn. App. 15, 931 P.2d 963 (1997); and breach of fiduciary duty, See *Germain v. Pulman Baptist Church*, 96 Wn. App. 826, 980 P.2d 809 (1999). Mr. Russell did not know the essential elements of this cause of action until after September 6, 2006.

In fact, the "continuous tort" rule argues for the fact that in this case the statute of limitations has not even commenced. The "continuous tort" rule says a tort is continuing until the action at issue ceases. *Bradley v. American Smelting & Refining Co.*, 104 Wn.2d 677, 693, 709 P. 2d 782 (1985). Mr. Hilburg continues to refuse to provide a full accounting, an action at the core of Mr. Russell's complaint.

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 12 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

## B. FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]

See the factual section for reference to previous briefing. This portion of this summary judgment motion is directed only to PN.

## C. LACHES

Laches does not apply. Under RCW 4.16.040(1), an action on a written contract must be commenced within six years. Absent highly unusual circumstances, a court generally is prohibited from imposing a shorter period under the doctrine of laches than under the relevant statute of limitations. *Brost v. L.A.N.D., Inc.*, 37 Wn. App. 372, 375, 680 P.2d 453 (1984). The equitable doctrine of laches may only be used to bar an action when 1) the plaintiff knew the facts constituting a cause-of-action, 2) the plaintiff unreasonably delayed commencing an action, and 3) the defendant was materially prejudiced by the delay in bringing the action. *Davidson v. State*, 116 Wn.2d 13, 25, 802 P.2d 1374 (1991). Mere delay, lapse of time and acquiescence do not, standing alone, bar a claim short of statute of limitations. There must also be an intervening change in position on the part of the defendant, making it inequitable to enforce the claim. *Arnold v. Melani*, 75 Wn.2d 143, 147, 148, 437 P.2 908, 449 P.2d 800, 450 P.2d 815 (1968); see also *Brost*, 37 Wn. App. at 375, 376, 680 P.2d 453. For example, in *Davidson*, supra, laches was found applicable because the plaintiff waited *sixty-two years* to bring a cause-of-action. Mr. Russell, however, took action as soon as Mr. Hilburg's misappropriation of Mr. Russell's earnings became apparent.

## D. COMPARATIVE NEGLIGENCE

No facts exist for there to be a material issue of fact that Mr. Russell was comparatively negligent. Such a doctrine is inapplicable in a case such as this involving

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 13 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

(Hilburg's) intentional breach of fiduciary duty by concealing and appropriating Mr. Russell's earnings. Intentional acts are not included in the statutory definition of "fault" in Washington's comparative fault statute—RCW 4.22.070. *Welch v. Southland Corp.*, 134 Wn.2d 629, 635, 952 P.2d 162 (1998). Intentional torts are "part of a wholly different legal realm" from the apportionment mechanism contained in RCW 4.22.070. *Price v. Kitsap Transit*, 125 Wn.2d 456, 464, 886 P.2d 556 (1994). Negligence will not diminish the weight of positive, willful fraud. 12 S. Williston, Contracts § 1515B, at 487 (3d ed. 1970).

In addition, our case addresses a contractual relationship. Mr. Russell obviously was not party to a contract allowing for the apportioning of comparative negligence in the case of misrepresentation or fraud. In fact, a court almost certainly would never sanction such a contract in the first place. See *Alejandre v. Bull*, 123 Wn. App. 611, 626, 98 P.3d 844 (2004).

### E. ACCORD AND SATISFACTION

Mr. Russell reached no "accord" with, let alone received "satisfaction" from, Mr. Hilburg. An "accord" is an agreement for settlement of a claim by performance of something other than that due, and is governed by contract principles. *Boyd-Conlee Co. v. Gillingham*, 44 Wn.2d 152, 155, 266 P.2d 339 (1954). "Satisfaction" occurs when the accord is performed. *Buob v. Feenaughty Machinery Company*, 191 Wn. 477, 485, 71 P.2d 559 (1937). The formal elements of "accord and satisfaction" are (1) the existence of a bona fide dispute, (2) an agreement to settle the dispute, and (3) performance of the agreement. *Ward v. Richards & Rossano, Inc., P.S.*, 51 Wn. App. 423, 429, 754 P.2d 120, reconsideration denied, and review denied, 111 Wn.2d 1019 (1988). Furthermore, when a

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 14 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

fiduciary argues accord and satisfaction, a fourth element is required—the accord must be evidenced by an express agreement that was made with the creditor's full knowledge of all relevant information. *Id.* The elements of accord and satisfaction must be proved by the one asserting that accord and satisfaction has occurred. *Kibler v. Garrett & Sons, Inc.*, 73 Wn.2d 523, 527, 439 P.2d 416 (1968); 1 Am.Jur.2d Accord and Satisfaction § 15 Et seq. (1962).

Neither accord nor satisfaction has occurred. While certainly there is now a dispute, there has been no agreement how to settle the matter. In fact, Mr. Hilburg has yet to provide an accounting necessary to determine the amounts at issue and *begin* a resolution process. No accord is established where the amount owed remains open to further negotiation. *U.S. Bank Nat. Ass'n v. Whitney*, 119 Wn. App. 339, 351, 81 P.3d 135 (2003) citing *Kibler*, supra, 73 Wn.2d at 527. Furthermore, without full accounting from Mr. Hilburg Mr. Russell cannot even make an accurate claim. There cannot be accord and satisfaction unless there is a claim or demand. *Gorge Lumber Co. v. Brazier Lumber Co.*, 6 Wn. App. 327, 334, 493 P.2d 782 (1972).

At no time did Mr. Hilburg express to Mr. Russell that the tendering of the ten post-dated checks represented a full settlement of all (or even some of) the disputes known or unknown. The debtor must make intentions clear for purposes of accord and satisfaction. *Kibler*, 73 Wn.2d at 526. Remittance of a check from a debtor to creditor does not constitute accord and satisfaction unless the creditor is placed on notice that the check is tendered on condition that acceptance discharges the debt. *Washington Fish & Oyster Co. v. G.P. Halferty & Co.*, 44 Wn.2d 646, 654, 269 P.2d 806 (1954). Mr. Russell never agreed that a

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 15 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

series of postdated checks would discharge even the debt related to the narrow investment at issue represented by the checks, let alone that the checks would discharge the entire amount owed to Mr. Russell representing Mr. Hilburg's years of conversion and breach of fiduciary duty.   The bounced check compromised even the purported agreement regarding the investment addressed by the checks.   An unpaid installment is a material breach of a settlement agreement.   See *Jacks v. Blazer*, 39 Wn.2d 277, 286, 235 P.2d 187 (1951).   A party is barred from enforcing a contract that it has materially breached.   *Bailie Communications, Ltd. v. Trend Bus. Sys.*, 53 Wn. App. 77, 81, 765 P.2d 339 (1988).

## F. RATIFICATION

The doctrine of ratification does not apply, both as a matter of law and a matter of fact. Ratification as a legal doctrine occurs when a party who knows he has been defrauded chooses to continue to receive benefits under the contract at issue. *Simms v. Robison*, 142 Wn. 555, 253 P.788 (1927).   A party ratifies an otherwise voidable contract if, after discovery of facts that would warrant rescission after discovery of fraud, the party remains silent or continues to accept benefits under contract. *Ward v. Richards & Rossano, Inc. P.S.*, 51 Wn. App. 423, 754 P.2d 120, reconsideration denied, and review denied, 111 Wn.2d 1019 (1988).   Ratification in law is a species of estoppel.   If found it estops the defrauded party from rescinding the contract.   A plaintiff can not ask for rescission of a contract and at the same time sue for breach thereof. *Johnson v. Associated Oil Co. of California*, 170 Wn. 634, 17 P.2d 44 (1932).

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 16 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

Thus, as a matter of law, the doctrine of ratification does not apply in this case. Mr. Russell is not seeking rescission of the contracts. Mr. Russell terminated the contract in September 2006. Mr. Russell is seeking a proper accounting and return of his earnings.

Furthermore, Mr. Russell was at no time aware during the life of contract that he was being defrauded. So even if Mr. Russell had taken some action that clearly affirmed a contract, it would not have been ratification because Mr. Russell had no knowledge he was being defrauded. A party charged with ratification of a contract must have acted voluntarily, with full knowledge of the facts. *McCormick v. Lake Washington School Dist.*, 99 Wn. App. 107, 114, 107 P.2d 511 (1999); *Hooper v. Yakima County*, 79 Wn. App. 770, 904 P.2d 1193 (1995).

### G.  FAILURE TO MITIGATE

The doctrine of avoidable consequences, or mitigation of damages, is an affirmative defense that prevents an injured party from recovering damages that could have been avoided through reasonable efforts. *Bernsen v. Big Bend Electric Coop.* 68 Wn. App. 427, 435, 842 P.2d 1047 (1993); *Bullard v. Bailey*, 91 Wn. App. 750, 959 P.2d 1122 (1998). Thus, not only must a defendant demonstrate that a plaintiff failed to mitigate, but also that the failure to mitigate was unreasonable. *Martin v. Northwest Washington Legal Services*, 43 Wn. App. 405, 717 P.2d 779 (1986). The burden of proving failure to mitigate falls squarely on the shoulders of the defendants. *Hauser v. Department of Law*, 368 F.3d 1091 (9th Circuit 2004); *Sutton v. Shufelberger*, 31 Wn. App. 579, 582, 643 P.2d 920 (1982). For example, the Ninth Circuit Model Civil Jury Instruction 5.3 (Damages—Mitigation) states:

"The defendant has the burden of proving by a preponderance of the evidence:

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**
**No. C08-0217 RSM**
Page 17 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

(1) That the plaintiff failed to use reasonable efforts to mitigate damages; and
(2) The amount by which damages would have been mitigated."

Defendants both fail to support their assertion that Mr. Russell failed to mitigate and fails to put forth an amount to which Mr. Russell allegedly should have mitigated. In addition, a plaintiff has no duty to mitigate damages the defendant has an equal or better opportunity to mitigate. *Walker v. TransAmerica Title Ins. Co.*, 65 Wn. App. 399, 405, 828 P.2d 621 (1992).

## H. ASSUMPTION OF RISK

Mr. Russell did not assume the risk that Mr. Hilburg would breach his fiduciary duty. The doctrine of assumption of risk traditionally has four subcategories: express assumption of risk, implied assumption of risk, implied reasonable assumption of risk, and implied unreasonable assumption of risk. *Scott v. Pacific W. Mt. Resort*, 119 Wn.2d 484, 843 P.2d 6 (1992). The third and fourth subcategories, implied reasonable and implied unreasonable assumptions of risk, are now simply synonyms for contributory negligence. *Id*. at 497.

Express assumption of risk generally is bargained for and found in contractual relationships. *Kirk v. Washington State University*, 109 Wn.2d 448, 746 P.2d 285 (1987). A person expressly assumes the specific risk of harm if that person 1) has full subjective understanding 2) of the presence and nature of the specific risk and 3) voluntarily chooses to encounter the risk. *Id*. Nowhere in the contracts signed between Mr. Russell and Mr. Hilburg did Mr. Russell expressly assume the risk at issue. For example, Mr. Russell obviously did not authorize Mr. Hilburg to conduct unauthorized investments. In the first contract, signed in 1998, the contract stated that sums held on behalf of Mr. Russell were to

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 18 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

be invested *only* pursuant to Mr. Russell's instructions or consent. Furthermore, in the second contract signed in 2006, the terms called for any monies received by the defendant to be sent "immediately" to Mr. Russell.

Mr. Russell also did not implicitly assume any risk. Implied assumption of risk operates in the same way as express assumption of risk, except that express formalities are not present. *Dorr v. Big Creek Wood Products, Inc.* 84 Wn. App. 420, 927 P.2d 1148 (1996). Otherwise, the elements are the same. The plaintiff must have had 1) had full subjective understanding 2) of the presence and nature of the specific risk, and 3) voluntarily chose to encounter the risk. *Taylor v. Baseball Club of Seattle, L.P.*, 132 Wn. App. 32, 130 P.3d 835 (2006). In our case, just as with express assumption of risk, it cannot be argued that Mr. Russell had 1) full subjective understanding 2) of the presence and nature of a risk that 3) he voluntarily chose to take.

There also was no implied reasonable assumption of risk by Mr. Russell. Implied reasonable assumption of risk refers to a plaintiff that, aware of a risk negligently caused by a defendant, chooses to still go forward with the action at issue that puts him at risk. David Horton, *Extreme Sports and Assumption of Risk*: *A Blueprint*, 38 U.S.F. L. Rev 599 (2004); *Scott by and Through Scott v. Pacific West Mountain Resort*, 119 Wn.2d 484, 834 P.2d 6 (1992). Mr. Russell never chose to proceed with a risk caused by Mr. Hilburg.

The last of the four subcategories of assumption of risk, implied unreasonable assumption of risk, also does not apply. Implied unreasonable assumption of risk exists if a person voluntarily and unreasonably continues with a known risk created by another's negligence. *Shorter v. Drury*, 103 Wn.2d 645, 695 P.2d 116 (1985).

2605.01 (P-6)
**PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM**
Page 19 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

## I. DOCTRINE OF UNCLEAN HANDS

Mr. Russell at all times conducted himself in an appropriate manner and the defense has produced no evidence to the contrary, let alone evidence that Mr. Russell's behavior was "unconscionable." The doctrine of unclean hands means simply that a court will not entertain a request for equity from a party whose behavior in the matter at issue was unconscionable. *J.L. Cooper & Company v. Anchor Securities Company*, 9 Wn.2d 45, 113 P.2d 845 (1941). Unconscionable behavior is behavior that no reasonable person can justify. *In re Greer*, 61 Wn.2d 741, 380 P.2d 482, (1963). Unconscionable behavior in a contract action refers to action taken that no one in his or her senses, not under delusion, would make, and which no fair and honest person would accept. *Nelson v. McGoldrick*. 73 Wn. App. 763, reconsideration denied, review granted 125 Wn.2d 1008, reversed 127 Wn.2d 124, 896 P.2d 1258 (1994). To refer to anything Mr. Russell did as unconscionable is completely inappropriate. The affirmative defense of unclean hands is yet another defense thrown out with absolutely no explanation or evidence and designed to stall an accounting and obstruct.

## J. LACK OF CAUSATION

The defendant's allege "lack of causation," but it is entirely unclear what this means. Once again this is a response put forth by the defense but with no accompanying explanation. Are the defendant's conceding damages but claiming not to be the cause? It is rather convenient to claim lack of causation and then actively withhold information that contradicts such an assertion. Regardless, once again, the defense puts forth nothing to substantiate the claim of "lack of causation."

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 20 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

## K.  EQUITABLE ESTOPPEL

Equitable estoppel does not apply.  Equitable estoppel in its simplest term means "estoppel by conduct." *Ross v. Harding*, 64 Wn.2d 231, 391 P.2d 526 (1964).  The party asserting equitable estoppel must have been induced to alter his position in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated. *Daly v. Volpe*, 376 F.Supp. 987, affirmed 514 F.2d 1106 (W.D Wash 1974).  Equitable estoppel requires three elements: admission, statement or act inconsistent with a claim afterward asserted; action by other party on faith of such admission, statement or act; and injury to such party resulting from allowing first party to contradict or repudiate such admission, statement or act. *Public Utility Dist. No. 1 of Lewis County v. Washington Public Power Supply System*, 104 Wn.2d 353, 705 P.2d 1195 (1985).

Equitable estoppel must be shown by clear and convincing evidence. *Lilly v. Lynch*, 88 Wn. App. 306, 318, 945 P.2d 727 (1997).

The defendants have failed to establish any of the three elements of equitable estoppel, clearly and convincingly or any other way.  The defendants have produced nothing indicating that Mr. Russell acted in a manner inconsistent with his present position. Secondly, the defendants have failed to demonstrate any act taken by them as a result of Mr. Russell's alleged action.  The defendants' assertion of equitable estoppel is misplaced.  Mr. Russell did nothing to sanction the actions at issue and the defendants have produced nothing to the contrary.

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 21 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

## L.  WAIVER

Mr. Russell never chose to "waive" his rights.  Waiver, express or implied, is intentional relinquishment or abandonment of a known right or privilege.  *Keyes v. Bollinger*, 31 Wn. App. 286, 640 P.2d 1077 (1982).  Waiver is manifested by actions inconsistent with any other intention than to waive.  *Caterpillar Tractor Co. v. Collins Machinery Co.*, 286 F.2d 446 (9th Cir. 1960); *Ives v. Ramsden*, 142 Wn. App. 369, 174 P.3d 1231 (2008).  In *Caterpillar Tractor*, the court found that a waiver had not occurred, even though a party had said they would not sue at the time at issue.  The court found that even if a person states at a particular time that they will not sue at that time, that does not mean the party is forgoing the possibility of filing a future claim.

Existence of intent to waive must clearly appear in order to show a waiver.  *State ex rel. Madden v. Public Utility Dist. No. 1 of Douglas County*, 83 Wn.2d 219, 517 P.2d 585, appeal dismissed, certiorari denied *Public Utility District No. 1 of Douglas County, Washington v. Madden*, 95 S.Ct. 20, 419 U.S. 808, 42 L.Ed.2d 33 (1973); *O'Connor v. Tesdale*, 34 Wn.2d 259, 209 P.2d 274 (1949).  In *O'Connor v. Tesdale*, it was found that absent an express or implied agreement between the parties, acceptances of goods under terms of a lease by a party compelled to do so for the survival of his enterprise did not somehow discharge the seller from overhanging issues related to the item being leased.  *Id.* at 263.

Waiver must be distinct and unequivocal.  *Mid-Town Ltd. Partnership v. Preston*, 69 Wn. App. 227, 848 P.2d 1268, reconsideration denied, review denied 859 122 Wn.2d 1006, 859 P.2d 603 (1993).  Intent will not be inferred from doubtful or ambiguous facts.  *TMT*

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No.  C08-0217 RSM
Page 22 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

*Bear Creek Shopping Center, Inc. v. Petco Animal Supplies, Inc.*, 140 Wn. App. 191, 165 P.3d 1271 (2007). In *Mid-Town Ltd. Partnership*, the closing date on a real-estate deal had been extended by addendum to the original contract. However, due to financing and other complications, the deal still did not close on that day, although both parties continued to take action toward completing the sale. Ultimately, the seller changed its mind and the buyer sued for specific performance. The court found that an extension of the closing date, followed by action indicating that both parties were still trying to effect the deal, was not a distinct and unequivocal indication that the purchase contract had been extended. *Id.* at 233, 234. In *TMT Bear Creek Shopping Center, Inc.*, the court ruled that a landlord's acceptance of a termination check from a tenant did not waive the landlord's right to damages involving the tenant's defective performance of the lease. *Id.* at 207, 208.

## M. STATUTE OF FRAUDS

The statute of frauds is not applicable in this case as a matter of law. Under Washington's statute of frauds, "[e]very agreement that by its terms is not to be performed in one year from the making . . . shall be void unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed." *RCW 19.36.010.* The agreements between plaintiff and Hilburg were in writing. Mr. Russell and the defendants signed a five year contract that took effect August 1, 1998, and ran, and least nominally, until July 31, 2003. A second contract was signed on March 26, 206. That contract clearly met the requirements of the statute of frauds.

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 23 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

Furthermore, upon the nominal termination of the contract on July 31, 2003, the parties continued for years their contractual relationship as if nothing had changed.  See the briefing regarding the legal effect of this conduct, on pages 10-11 above.

Perhaps most importantly, though, Mr. Russell and the defendants acted at all times between 1998-2006 as if an agreement was still in effect.  Full performance by even one "party" removes even an oral contract from the statute of frauds.  *Rutcosky v. Tracy*, 89 Wn.2d 606, 574 P.2d 382, certiorari denied 99 S.Ct. 317, 439 U.S. 930, 58 L.Ed.2d 323 (1978).

## IV. CONCLUSION

It appears that both defendants answered the complaint by including any possible affirmative defenses that might be applicable. The documentary discovery done to date does not support any of the affirmative defenses.  Some of them border on the frivolous. However, their continued existence in the case without judicial resolution adversely affects the settlement possibilities and complicates the next phase of discovery.  It is hoped that the court will grant the motion in full.  It is also hoped that this can be decided as rapidly as possible because the case is becoming more time-critical.

Respectfully submitted this 8th day of January, 2008.

DAVID J. BALINT, PLLC


By: /S/ David J. Balint
    David J. Balint (WSBA #5881)
    Of Attorney for Plaintiff

2605.01 (P-6)
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
(ORAL ARGUMENT REQUESTED)
No. C08-0217 RSM
Page 24 of 24

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729